## Commonwealth v. Hendley.

*Sunday—Judicial proceedings—Criminal procedure—Hearing on Sunday.*

As to all offences for which an arrest may be made on Sunday, a hearing may also be had. One who was arrested for driving an automobile while intoxicated may properly be held for trial before the Quarter Sessions upon a hearing had on Sunday.

Motion for new trial and in arrest of judgment. Q. S. Dauphin Co., Sept. Sess., 1923, No. 65.

*Robert Stucker*, for motion.

*Robert T. Fox*, District Attorney, and *Leroy E. Keen*, Assistant District Attorney, contra.

HECK, P. J., 55th judicial district, specially presiding.—On July 1, 1923, being Sunday, the defendant was given a hearing before a justice of the peace on a charge of driving an automobile while intoxicated. He was held for trial to the next Court of Quarter Sessions. A true bill having been found to the indictment, the case was called for trial, when counsel for defendant moved to quash the indictment for a number of reasons, only the third of which requires our attention. It is as follows: "The hearing held in said case on July 1, 1923, by James D. Bowman, justice of the peace of the Borough of Millersburg, was irregular, illegal and void for the reason that the hearing was on Sunday, July 1, 1923, and all proceedings had thereon and in connection with said case were illegal and void and without any authority in law." The motion was overruled and the trial resulted in the conviction of the defendant. Motion is now made in arrest of judgment for the reasons set forth in the motion to quash the indictment.

It is not contended that the defendant's arrest was illegal, but it is earnestly argued that, under the laws of this Commonwealth, the hearing of a criminal charge before a justice of the peace, being a judicial proceeding, cannot lawfully be held on Sunday, and, therefore, the hearing in question and all subsequent proceedings founded thereon are void. Except as relating to the issuance of process, we have no statute regulating judicial proceedings on Sunday. The law on this subject is the English common law which was adopted in this Commonwealth at the time of its establishment. An interesting discussion of this law and its history is given by Judge Ludlow in the case of Com. *v.* Marra et al., 8 Phila. 440. There, quoting Lord Coke in 1 Inst. 364,

it is stated that "at the common law there be *dies juridicia* and *dies non-juridici,* and that the Sabbath day is not a judicial day." In the application of this distinction it has generally been held that judicial as distinguished from ministerial acts cannot lawfully be performed by courts on Sunday; however, there appears to be some exceptions to this rule. Judge Strauss, in Com. *v.* Overton, 42 Pa. C. C. Reps. 446, refused to quash an indictment for the reason that an arrest on the charge of illegally selling liquor was made on Sunday and a hearing had on the same day. A note to Moss *v.* State, American Annotated Cases, 1916-*B*, page 22, cites a number of cases which hold that an accused may be admitted to bail on Sunday.

In considering this proposition, we must bear in mind the Act of Jan. 12, 1705, 1 Sm. Laws, 25, which authorized issuance of warrants and arrests thereon for many offences on the first day of the week, and, as in this case, for a number of offences, arrests may be made on Sunday without a warrant. To permit an arrest on Sunday and deny the hearing because of the day would be to carry the application of the common law Sunday rule to an unreasonable length and would often work great hardship in the denial to an accused of the right to give bail, which can only be demanded after a hearing. Another reason which would favor a hearing on Sunday is given in Weldon *v.* Colquitt, 62 Ga. 449, admitting a person to bail on Sunday. The court there says, "the same being in favor of liberty and in the nature of a work of charity to a human being in distress." From the foregoing we think, as to all offences for which an arrest may be made on Sunday, a hearing may also be had.

For the reasons given, we are of opinion that the hearing had before Justice Bowman on July 1st, in this case, was lawful, and that the defendant's motion in arrest of judgment should be dismissed.

*Order and decree.*

And now, March 28, 1924, motion in arrest of judgment is refused.

From Sidney E. Friedman, Harrisburg, Pa.